# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | Arlander Keys |
|---|---|---|---|
| **CASE NUMBER** | 02 C 453 | **DATE** | 3/17/2003 |
| **CASE TITLE** | Chuck Thomas vs. Argenbright Security, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at_____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Report and Recommendation submitted to Judge Andersen. It is recommended that Defendant's Motion to Dismiss Complaint [#19] be granted and Defendant's Motion for Attorneys' Fees and Costs [#19] be denied. All matters relating to the referral of this action having been resolved, the case is returned to the assigned judge.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 3 number of notices | **Document Number** |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | MAR 1 8 2003 date docketed | 22 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| ✓ | Copy to judge/magistrate judge. | | 3/17/2003 date mailed notice | |
| FT/ *secy* | courtroom deputy's initials | Date/time received in central Clerk's Office | FT mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHUCK THOMAS, ) | |
| ) | 02 C 453 |
| Plaintiff, ) | |
| ) | Judge Wayne R. Andersen |
| v. ) | |
| ) | Magistrate Judge |
| ) | Arlander Keys |
| ) | |
| ARGENBRIGHT SECURITY, INC., ) | DOCKETED |
| ) | |
| Defendant. ) | MAR 1 8 2003 |

TO: THE HONORABLE WAYNE R. ANDERSEN
UNITED STATES DISTRICT JUDGE

**REPORT AND RECOMMENDATION**

Before the Court is Defendant's Motion to Dismiss Plaintiff's Complaint and for Attorneys' Fees and Costs. For the reasons set forth below, this Court recommends that the Motion to Dismiss be granted and that the Motion for Fees and Costs be denied.

Plaintiff filed his Complaint on January 18, 2002, alleging that Defendant discriminated against him because of his disability. On May 9, 2002, Plaintiff's Motion to proceed in forma pauperis was granted, but his Motion for Appointment of Counsel was denied. The case was referred to this Court on September 17, 2002 for all non-dispositive pretrial matters. On October 28, 2002, this Court set a discovery cut-off date of March 31, 2003.

On November 26, 2002, Defendant's out-of-state counsel--who resides in Georgia--noticed Plaintiff's deposition for January 14,

2003 at the law office of its local counsel, Altheimer & Gray. At the status hearing held on January 13, 2003--one day prior to his scheduled deposition--Plaintiff informed the Court that he would be unable to attend his deposition the next day because he had scheduled an emergency doctor's appointment for that day.[1] With the agreement of Plaintiff, the Court directed that he appear for his deposition on January 28, 2003 at Altheimer & Gray. He was informed that Defendant's counsel would be traveling from Atlanta, Georgia to Chicago to take his deposition and that his failure to appear would result in dismissal of the case. At the January 13, 2003 hearing, the Court was also informed that Plaintiff had not answered any of Defendant's outstanding discovery, and the Court ordered him to provide answers to all outstanding discovery prior to his deposition. Plaintiff didn't indicate that he had not received the discovery requests.

On January 15, 2003, Defendant's counsel reaffirmed, by letter to Plaintiff, that his deposition would be taken on January 28, 2003 at Altheimer & Gray. She also reminded Plaintiff that his discovery responses were long overdue and requested that he provide adequate responses by January 21, 2003.

On January 28, 2003, twenty minutes after the scheduled deposition was to have commenced, Plaintiff telephonically advised

---

[1]Plaintiff had informed Defendant's local counsel, on January 11, 2003, that he could not "come to the meeting on January 14, 2003," but refused to give a reason.

Defendant's counsel--who had traveled from Atlanta to take his deposition--that he was at the "federal courthouse" because he had believed that his deposition was to have been taken there.[2] When asked how long it would take for him to travel from the "federal courthouse" to Altheimer & Gray, Plaintiff responded that it would take about 30 minutes. Counsel stated that she would wait for Plaintiff to arrive. Plaintiff never arrived and did not call counsel again that day. Three days later, however, Plaintiff called local counsel and told her that he had had difficulties with security at the Altheimer & Gray building on January 28, 2003, and requested that his deposition be rescheduled yet again. Plaintiff did not attend the status hearing scheduled for February 10, 2003, at which counsel informed the Court that Plaintiff had not shown up for his deposition and had not answered the outstanding discovery. The Court granted leave to counsel to file the instant Motion to Dismiss and for payment of costs and attorneys' fees.

At the March 7, 2003 hearing on the instant Motion, Plaintiff concocted an incredible story in an effort to defeat this Motion. He stated that, despite his attendance at the January 13, 2003 hearing, at which he was told that his deposition would be taken at Altheimer & Gray, and despite counsel's January 15, 2003 letter

---

[2]/The Court had specifically advised Plaintiff at the January 13, 2003 hearing that his deposition would be taken at Altheimer & Gray, and counsel confirmed that location in her January 15, 2003 letter.

confirming same, he thought it would be taken at the federal building. Plaintiff did not come to this Court's chambers or courtroom on January 28, 2003, and the Court is at a loss as to where he would have gone in this vast building. Plaintiff agrees that he called Defendant's counsel and spoke with her at Altheimer & Gray. He claims that, thereafter, he went to the building in which Altheimer & Gray has its offices, but was denied entrance. Plaintiff claims that he attempted to contact Defendant's counsel through the Altheimer & Gray receptionist, but was told that counsel was not listed as an attorney with that firm.

Having carefully observed the demeanor of Plaintiff as he gave conflicting answers to questions, and based on simple logic, the Court finds that his explanations are incredible. It defies logic that Plaintiff--who had reached counsel minutes earlier by dialing the number that he had been given to reach her--would not dial the same number again when he reached the building if he had been denied entrance. The number at which he had reached Defendant's counsel a few minutes earlier was that of Ms. Steiner, Defendant's local counsel, whose name Plaintiff also knows. Ms. Steiner has appeared in these proceedings, and Plaintiff called her when he wanted to reschedule the January 14, 2003 deposition. When asked by the Court for the name of the receptionist at Altheimer & Gray to whom he had spoken and who had allegedly told him that counsel did not work there, Plaintiff stated that he had asked her for her

name, but that she told him that she could only give out her *first* name. He stated that he wrote down her first name, but was unable to locate it after Ms. Steiner stated that she knew the names of all of the receptionists at the firm.

When the Court asked Plaintiff whether he had responded to Defendant's discovery requests, as ordered by the Court, he first indicated that he had sent the responses to counsel. When asked specifically whether he had answered the interrogatories, he first claimed that he had done so. When asked whether he had *signed* them, he became confused, saying that he could not remember. Finally, he stated that he could not recall whether he actually received the discovery requests from Defendant. Notably, at the January 13, 2003 status hearing, Plaintiff did not deny that he had received the discovery requests, after which the Court ordered him to respond to them prior to the January 28, 2003 deposition.

Plaintiff filed this Complaint against Defendant more than one year ago. The discovery deadline in this relatively simple case was set almost five months ago, and is set to close on March 31, 2003. To date, Plaintiff has failed to adequately respond to Defendant's discovery requests and has refused to allow Defendant to take his deposition. His excuses for these failures are incredible. While pro se plaintiffs are allowed some leeway in the manner in which they respond to discovery requests, because of their presumed lack of familiarity with discovery rules, they are

not excused from complying with court orders and with discovery requests that are clear. Both Defendant and the Court have made it clear to Plaintiff what he is required to do.

Although the Court was skeptical as to how Plaintiff--who had been notified seven weeks in advance of the January 14, 2003 deposition date--would know three days in advance of the deposition date that he would have an "emergency" doctor's appointment on that date, it gave Plaintiff the benefit of the doubt and did not require him to produce a statement and records from his doctor. However, Plaintiff was ordered to appear for his deposition at a specific place and on a specific date and time. The importance of his attendance at the deposition was impressed upon him, including the fact that Defendant's counsel would be traveling from Atlanta. He was specifically told that his failure to appear would result in the dismissal of this case. As set forth above, his explanations for not complying were, simply, incredible.

Considering the foregoing, this Court is of the opinion that Plaintiff's lack of cooperation in discovery is inexcusable and that the case should be dismissed for want of prosecution, in that he failed to respond to discovery requests and to give his deposition. The Court opines further, however, that the imposition of the reasonable fees and costs of more than $6,000.00 incurred by Defendant in attempting to get Plaintiff to comply with its discovery requests would serve no useful purpose, as Plaintiff does

not appear to be able to pay it in the near future. The sanction of dismissal, with prejudice, should be sufficient. The Court so recommends.

Dated: March 17, 2003                RESPECTFULLY SUBMITTED:

                                     ARLANDER KEYS
                                     United States Magistrate Judge

The parties have ten days from the date of service to file objections to this Report and Recommendation with the Honorable Wayne R. Andersen. See Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1). Failure to object constitutes a waiver of the right to appeal. *Egert v. Connecticut General Life Ins. Co.*, 900 F.2d 1032, 1039 (7th Cir. 1990).